## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**DANNY GREEN,**

    **Plaintiff,**

**v.**                                                                 **No. 13-cv-0819 JCH/SMV**

**NEW MEXICO STATE POLICE DEP'T,**
**BEN ARNOLD, and STATE OF NEW MEXICO,[1]**

    **Defendants.**

## MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court sua sponte. Although Plaintiff has responded to two Orders to Show Cause ("OSC"), he has failed to take steps to prosecute his claims against Defendant Arnold since July 29, 2013. *See* [Doc. 9] at 7–12. Accordingly, I recommend dismissing the claims against Defendant Arnold without prejudice for lack of prosecution. *See* Fed. R. Civ. P. 41(b); *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (noting the court has inherent authority to consider sua sponte whether a case should be involuntarily dismissed due to a plaintiff's failure to prosecute); D.N.M.LR-Civ. 41.1.

### I.    Background

Plaintiff filed his Complaint in state court on May 20, 2013. [Doc. 1-1] at 1. Defendant New Mexico State Police Department ("NMSPD") removed the case on August 30, 2013. [Doc. 1]. By January 2, 2014, there was no indication on the record that Defendant Arnold had been served. Accordingly, I ordered Plaintiff to show cause no later than January 22, 2014, why

---

[1] Defendant State of New Mexico was dismissed without prejudice on the parties' stipulation on May 29, 2014. [Doc. 20].

his claims should not be dismissed for lack of service. [Doc. 6]. Plaintiff responded on February 5, 2014.[2] [Doc. 9]. He indicated that Defendant Arnold had been served on July 29, 2013. *Id.* at 2. Plaintiff indicated that the return of service was filed in state court on August 30, 2013, which was around the time of removal. *Id.* Plaintiff filed the return of service in this Court for the first time, along with this show-cause response, on February 5, 2014. *Id.* at 4–6. Because Plaintiff submitted a return of service for Defendant Arnold, I quashed the initial OSC. [Doc. 11].

By March 12, 2014, however, Plaintiff had still taken no further action to prosecute his claims against Defendant Arnold. I ordered him to show cause why the claims against Defendant Arnold should not be dismissed for lack of prosecution. [Doc. 13]. Plaintiff timely filed his written response on April 11, 2014, apologizing for failing to produce his initial disclosures. [Doc. 14] at 1. However, no initial scheduling order had been issued, and the parties had not been ordered to produce initial disclosures.

More to the point, Plaintiff reported that he had not received Defendant Arnold's answer, "and if indeed no answer ha[d] been filed, Plaintiff w[ould] seek a default judgment against [him]." *Id.* Plaintiff's show-cause response was not adequate because initial disclosures were not at issue, and because the CM/ECF docket—to which Plaintiff's counsel has access and which sends automatic notifications of every filing to Plaintiff's counsel—clearly reflected that Defendant Arnold had not responded to the Complaint. Accordingly, I set a telephonic show-cause hearing to ask Plaintiff why he had not pursued his claims against Defendant Arnold since attempting to serve him on July 29, 2013. [Doc. 17].

---

[2] Plaintiff's counsel explained that his response to the initial OSC was not timely submitted because the deadline had not been calendared by his staff. [Doc. 9] at 1.

The telephonic show-cause hearing was held on April 24, 2014.  *Id.*  Plaintiff did not know why Defendant Arnold had not responded to the Complaint.  When asked why Plaintiff had not moved to prosecute his claims against Defendant Arnold after nine months without a response, Plaintiff indicated that he believed Defendant Arnold would answer.  Plaintiff explained that because Defendant Arnold was represented by defense counsel, Mr. Lewis, and because Defendant Arnold had consented to the removal the case, Plaintiff believed that Defendant Arnold would answer.  Plaintiff's counsel added that he was prepared to move for default if Defendant Arnold did not respond to the Complaint.  Defense counsel explained that he believed that Defendant Arnold had not been properly served, and therefore, he had not responded to the Complaint.  At the hearing I gave Plaintiff two options.  First, if he believed that Defendant Arnold had not been properly served, I ordered Plaintiff to properly serve Defendant Arnold.  Second, if Plaintiff believed that Defendant Arnold had been properly served, I ordered Plaintiff to move for default no later than May 16, 2014.

## II.    Analysis

I find that dismissal without prejudice is warranted under the present circumstances. *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (outlining factors to consider in dismissing a case).  Plaintiff's failure to prosecute his claims against Defendant Arnold has stymied the progress of this case.  We cannot proceed efficiently to the Rule 16 Scheduling Conference until all of the named parties have appeared in the case.  Since Defendant Arnold has not appeared, the claims against Defendant NMSPD are at a standstill.  Defendant NMSPD will be prejudiced if it is required to wait indefinitely to defend itself.  Plaintiff has offered no legitimate explanation for his failure to prosecute his claims against Defendant Arnold, nor has

he requested an extension of time beyond the May 16, 2014 deadline.  I find that Plaintiff alone is responsible for failing to take any steps—beyond attempting service more than *ten months* ago—to prosecute his claims against Defendant Arnold.  Furthermore, Plaintiff was put on notice, on at least three occasions, that dismissal was possible if he did not taken action.  Although Plaintiff filed responses to the OSCs, he has still failed to prosecute his claims against Defendant Arnold.  Plaintiff has all but ignored the warnings.  Finally, considering the extent of the warnings, the specific directions on how to proceed, and that the proposed dismissal would be without prejudice, I find that lesser sanctions would not be effective in this situation.

**IT IS THEREFORE RESPECTFULLY RECOMMENDED** that the claims against Defendant Arnold be dismissed without prejudice for lack of prosecution.  *See* Fed. R. Civ. P. 41(b); *Rogers*, 502 F.3d at 1151; D.N.M.LR-Civ. 41.1.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any written objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

---

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**