IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DANNY GREEN,

      Plaintiff,

     vs.                                     Civ. No. 13-819 JCH/SMV

NEW MEXICO STATE POLICE
DEPARTMENT, and BEN ARNOLD,
individually and as a New Mexico State
Police Officer,

      Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on two motions. The first is *Defendant's Second Motion To Dismiss: Claims Against Defendant Ben Arnold in his Official Capacity*. [Doc. 45] Plaintiff filed a response stating that he did not oppose the motion. [Doc. 46] Having reviewed the motion and response, briefs, and relevant caselaw, the Court concludes that the motion should be granted.

The second motion before the Court is *Defendants' Motion for Summary Judgment, and Memorandum in Support, Requesting Dismissal of Plaintiff's Claims on Quasi-Judicial Immunity and Qualified Immunity Grounds*. [Doc. 35] Plaintiff filed an amended response [Doc. 41], and Defendant Ben Arnold filed a reply [Doc. 43]. Having reviewed the motion, briefs, evidence, and relevant caselaw, the Court concludes that the motion should be granted.

## **BACKGROUND**

The following is a statement of the facts, viewed in the light most favorable to Plaintiff.

On April 15, 2011, Defendant Officer Ben Arnold made a traffic stop for speeding.  The driver was unable to produce a license, registration, or insurance.  Arnold asked the passenger for identification, but the passenger said he did not have any.  The passenger gave his name as "Danny Green" and, according to the Affidavit for Arrest,[1] gave a date of birth as April xx, 1973, and a social security number.  While Arnold was running the occupants through dispatch, the car took off.  Arnold pursued but, according to the Affidavit for Arrest Warrant, terminated his pursuit as the other vehicle reached speeds exceeding 120 mph in a posted 55 mph construction zone.

Arnold obtained an arrest warrant for "Danny Green," showing Plaintiff's date of birth and social security number.  Plaintiff's date of birth is April 1973—but on a different day than the passenger gave.  Plaintiff's social security number is different than that given by the passenger.  The arrest warrant thus shows the same name—Danny Green—but a different date of birth and different social security number than the passenger gave Arnold during the April 15, 2011 traffic stop.

On May 18, 2011, Plaintiff was arrested by Arnold.  The arrest was pursuant to the warrant, charging:  Aggravated Fleeing, Conspiracy To Commit Aggravated Fleeing, and Concealing Identity—all alleged to have been committed on April 15, 2011.

On May 20, 2013, Plaintiff filed a Complaint in New Mexico District Court, asserting: Count I—Unlawful arrest, and Count II—Negligent hiring and training.  [Doc. 1-1]  On August

---

[1] The Affidavit for Arrest Warrant is provided as an exhibit by Plaintiff.  [Doc. 41, p. 9]

30, 2013, Defendant New Mexico State Police Department, with Arnold's consent, removed the case to this Court.  [Doc. 1][2]

## DISCUSSION

The complaint was filed against:  the State of New Mexico, the New Mexico State Police Department, and Ben Arnold individually and in his capacity as a New Mexico State Police Officer.  [Doc. 1-1]  The State of New Mexico was dismissed as a party on May 29, 2014.  [Doc. 20]  Defendant Arnold filed a motion to dismiss official capacity claims on the basis of Eleventh Amendment immunity for an employee of a state agency—the New Mexico State Police Department.  [Doc. 45]  Plaintiff filed a response conceding that the official capacity claims against Arnold should be dismissed.  [Doc. 46]  The Court will therefore grant *Defendant's Second Motion To Dismiss:  Claims Against Defendant Ben Arnold in his Official Capacity* [Doc. 45].

The claims remaining are:  Count I (unlawful arrest) against Arnold in his individual capacity, and Count II (negligent hiring and training) against the New Mexico Police Department.  The parties stipulated that these claims are brought under the United States Constitution and 42 U.S.C. § 1983.  [Doc. 33, p. 2, ¶ 1 (Joint Status Report)]

## I.  Count I—Unlawful Arrest

### A.  Legal Standard for Summary Judgment Motion

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is material if it could have an effect on the outcome of the suit.  *Smothers v. Solvay*

---

[2] Defendant New Mexico State Police Department alleges that the complaint was served upon it on August 1, 2013, making the Notice of Removal timely.  [Doc. 1]  The Notice of Removal alleges that the complaint had not been filed on Defendant Ben Arnold as of August 30, 2013.  [Doc. 1]

*Chems., Inc.*, 740 F.3d 530, 538 (10th Cir. 2014).  A dispute over a material fact is genuine if the evidence presented could allow a rational jury to find in favor of the non-moving party.  *EEOC v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000).  The court views the facts in the light most favorable to the non-moving party and draws all reasonable inferences in favor of that party.  *Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007).  The court cannot weigh the evidence and determine the truth of the matter, but instead determines whether there is a genuine issue for trial.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 243 (1986).

A defendant seeking summary judgment bears the initial burden of showing that there is no genuine dispute as to a material fact.  *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).  When the defendants do not have the burden of persuasion at trial, they can satisfy their burden at the summary judgment stage by identifying a lack of evidence on an essential element of the plaintiff's claim.  *Id.* at 671.  If the defendants satisfy their burden, the burden shifts to the plaintiff.  *Id.*

The plaintiff cannot rest on his pleadings, but must go beyond the pleadings and "designate specific facts so as to make a showing sufficient to establish the existence of an element essential to that party's case in order to survive summary judgment."  *Sealock v. Colo.*, 218 F.3d 1205, 1209 (10th Cir. 2000).  The plaintiff must "set forth specific facts" from which a rational trier of fact could find in the plaintiff's favor, identifying those facts in the affidavits, deposition transcripts, or incorporated exhibits.  *Adler*, 144 F.3d at 671 (internal quotation marks omitted).   The plaintiff cannot rest on ignorance of the facts, on speculation, or on unsubstantiated conclusory allegations.  *Rocky Mountain Rogues, Inc. v. Town of Alpine*, 375

Fed. Appx. 887, 891 (10th Cir. 2010) (unpublished) (internal quotation marks omitted)[3]; *see Harvey Barnett, Inc. v. Shidler*, 338 F.3d 1125, 1136 (10th Cir. 2003).

To survive a summary judgment motion in which the defendant claims qualified immunity, however, the analysis changes.  The plaintiff must first carry the additional burden of satisfying "a strict two-part test."  *Rojas v. Anderson*, 727 F.3d 1000, 1003 (10th Cir. 2013).  In considering whether the plaintiff has satisfied this test, the court still views the evidence in the light most favorable to the plaintiff.  *Cortez v. McCauley*, 478 F.3d 1108, 1114 (10th Cir. 2007) (on reh'g *en banc*).  The plaintiff must show that the defendant's actions violated a constitutional right, and that this right was "clearly established" at the time of the conduct.  *Rojas*, 727 F.3d at 1003.  A right is clearly established if the "'contours of the right'" are "'sufficiently clear that a reasonable official would understand that what he is doing violates that right.'"  *Albright v. Rodriguez*, 51 F.3d 1531, 1535 (10th Cir. 1995) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).  A plaintiff can carry his burden of showing that a right is clearly established by identifying Supreme Court or Tenth Circuit caselaw on point, or by demonstrating that the weight of authority from other circuits shows the right to be clearly established.  *Albright*, 51 F.3d at 1535.  "If, and only if, the plaintiff meets this two-part test does a defendant then bear the traditional burden of the movant for summary judgment—showing that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law."  *Rojas*, 727 F.3d at 1003 (internal quotation marks omitted; emphasis added).

"Qualified immunity is designed to shield public officials from liability and ensure 'that erroneous suits do not even go to trial.'"  *Albright*, 51 F.3d at 1534 (quoting *Hinton v. City of Elwood*, 997 F.2d 774, 779 (10th Cir. 1993)).  In addition, qualified immunity is designed to prevent government officials from facing the other burdens of litigation.  *Ashcroft v. Iqbal*, 556

---

[3] The Court cites this and other unpublished opinions for their persuasive value.  *See* 10th Cir. R. 32.1(A).

U.S. 662, 672 (2009).   The Supreme Court "has directed the lower federal courts to apply qualified immunity broadly, to protect from civil liability for damages all officers except 'the plainly incompetent or those who knowingly violate the law,'" so that officers "might not be unduly 'inhibit[ed] . . . in performing their official duties.'"   *Wilson v. City of Lafayette*, 510 Fed. Appx. 775, 780 (10th Cir. 2013) (unpublished) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986), and *Medina v. Cram*, 252 F.3d 1124, 1127 (10th Cir. 2001)).

### B.  Asserted Unlawful Arrest

In the Motion for Summary Judgment ("MSJ"), Defendants argue that Arnold's investigation was reasonable and that there was probable cause to arrest.   [Doc. 35, pp. 1, 18] Much of Defendants' brief is devoted to the argument that they are entitled to summary judgment on grounds of quasi-judicial immunity and qualified immunity because Arnold was "enforcing orders issued by the court" and executing "a facially valid court order."   [Doc. 35, p. 4] Defendants argue that, when Arnold saw Plaintiff on May 18, 2011, Arnold properly relied on his visual recognition of Plaintiff as the passenger from the April 15, 2011 traffic stop; in addition, Arnold verified the warrant through NCIC.   [Doc. 35, pp. 3, 13; Doc. 35-3; Doc. 35-4]

Plaintiff's response contends that the arrest warrant "was the product of Defendant['s] intentionally unreasonable conclusions regarding the true identity of the suspect passenger." [Doc. 41, p. 6]  Plaintiff asserts:  "The Plaintiff was not the 'Danny Green' that Defendant Arnold stopped on April 15, 2011, and did not commit the crimes as alleged in Paragraph 10 above." [Doc. 41, p. 4, ¶ 11]  Plaintiff argues that a reasonable police officer would have "done much more to confirm the identity of the suspect passenger before identifying the Plaintiff in this case on the face of an affidavit for arrest," and that Arnold should not have concluded that Plaintiff was the passenger from the April 15, 2011 stop "merely because he possessed that same common

6

name of 'Danny Green' with the same month and year of birth."  [Doc. 41, pp. 6-7]  "This action

is not so much about whether Defendant Arnold had the authority to execute the warrant as it is

about whether the affidavit in support of the warrant was submitted in violation of the Plaintiff's

civil rights."  [Doc. 41, p. 6]

The title of Count I is:  "Plaintiff was unlawfully arrested by Defendant Arnold."  [Doc.

1-1, p. 3]  But the rest of the complaint sets forth a claim that Arnold acted unreasonably in

obtaining an arrest warrant showing Plaintiff's date of birth and social security number, and that

Arnold should have done more to ensure that Plaintiff was the passenger from the April 15, 2011

stop.  [Doc. 1-1, pp. 2-3, ¶¶ 9, 11-12, 15-17]  As the complaint shows, Count I does assert that

Plaintiff was unlawfully arrested but the gravamen is the assertion that Arnold did not conduct a

reasonable investigation into whether the person for whom the arrest warrant was requested was

in fact Plaintiff—or some other "Danny Green."

The MSJ sets forth the following as undisputed material facts:

> 5.  Officer Arnold then requested the passenger's name, DOB and social
> security number.  The passenger identified himself as Danny Green, and provided
> what ultimately turned out to be a false date of birth of  ■■ /73 and social security
> number of  ■■ -7123.

> 7.  Officer Arnold later identified the passenger using MVD records as
> Danny Green, DOB  ■■ /73 and social security number  ■■ -6758.

[Doc. 35, p. 2 (emphasis added)]   Defendants identify Arnold's police report as evidence in

support of these facts.  [Doc. 35-1, p. 3]  Based on these asserted facts, Defendants argue that

Arnold properly identified the passenger from the April 15 stop as Plaintiff.  Arnold therefore

properly put Plaintiff's date of birth and Plaintiff's social security number in the affidavit for

arrest warrant—instead of the "false" date of birth and social security number given by the

passenger on April 15.

Plaintiff complains that "there has been no opportunity for discovery" which would allow him to "more adequately demonstrate that there are, indeed, genuine issues of material fact." [Doc. 41, p. 5; *see* Doc. 41, pp. 6-7]  But Plaintiff did not avail himself of the procedure under Federal Rule of Civil Procedure 56(d).  Plaintiff did not show "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" and move for an opportunity "to obtain affidavits or declarations or to take discovery."  Fed. R. Civ. P. 56(d).  In absence of such a motion, Plaintiff's response was required to properly address Defendants' assertions of fact as required under Rule 56(c) and (e).

Instead of properly addressing Defendants' assertions of fact, Plaintiff set forth his own statement of facts.  [Doc. 41, pp. 2-5]  Plaintiff asserts that he was at work at the time of the April 15 stop and that he "was not the 'Danny Green' that Defendant Arnold stopped on April 15."  [Doc. 41, pp. 3-4, ¶¶ 6, 11]  But Plaintiff fails to identify admissible evidence in support of any of his asserted facts.  Plaintiff was required to "set forth specific facts" and identify those facts in the affidavits, deposition transcripts, or incorporated exhibits.  *Adler*, 144 F.3d at 671 (internal quotation marks omitted).  "A nonmovant must respond to a motion for summary judgment with evidence, and the content or substance of that evidence must be admissible." *Wall v. Boone*, 1996 WL 44245, *1 (10th Cir. 1996) (unpublished).  Although the evidence can be presented in a form not admissible at trial (i.e., an affidavit or deposition), "'the content or substance of the evidence must be admissible.'"  *Johnson v. Weld Cnty.*, 594 F.3d 1202, 1210 (10th Cir. 2010) (quoting *Thomas v. IBM*, 48 F.3d 478, 485 (10th Cir. 1995)).  Testimony that would be inadmissible at trial—because not based on personal knowledge, or because it constitutes hearsay—does not defeat a summary judgment motion.  *Thomas*, 48 F.3d at 485.  "So it is that, although evidence presented in the form of an affidavit at summary judgment can be

'converted' in form into live testimony at trial, the content or substance of the affidavit must be otherwise admissible, and any hearsay contained in a summary judgment affidavit remains hearsay, beyond the bounds of the court's consideration." *Johnson*, 594 F.3d at 1210. Mere allegations, or "conclusory and self-serving affidavits" are not sufficient. *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991).

Plaintiff attaches three exhibits to his response. The affidavit for arrest warrant does not support Plaintiff's critical factual assertions. [Doc. 41, p. 9] The letter and work log purporting to show that Plaintiff was at work on April 15 are hearsay. [Doc. 41, pp. 10-11] They are neither notarized nor signed under penalty of perjury. *See* Fed. R. Civ. P. 56(c)(4) (advisory committee's note to 2010 amendments); *see* 28 U.S.C. § 1746; *Richardson v. Gallagher*, 553 Fed. Appx. 816, 827 (10th Cir. 2014) (unpublished). The Court cannot consider this hearsay— the letter and work log—in deciding the MSJ. *See Wright-Simmons v. City of Okla.*, 155 F.3d 1264, 1268 (10th Cir. 1998); *Jackson v. Park Place Condominiums Ass'n, Inc.*, 2015 WL 4530378, *3 (10th Cir. 2015) (unpublished). Plaintiff thus failed to identify admissible evidence to support his factual assertions.

In addition, Plaintiff's response failed to properly address Defendants' assertions of fact as required under Rule 56(c) and (e). First, Plaintiff's response fails to comply with D.N.M.LR-Civ. 56.1(b), requiring: "Each fact in dispute must be numbered, must refer with particularity to those portions of the record upon which the non-movant relies, and must state the number of the movant's fact that is disputed." Second, and more important, Plaintiff failed to "specifically controvert" Defendants' factual assertions. Plaintiff fails to show that there is a genuine dispute as to Defendants' factual assertions. "All material facts set forth in the Memorandum will be deemed undisputed unless <u>specifically controverted</u>." D.N.M.LR-Civ. 56.1(b) (emphasis added).

9

The Court therefore deems undisputed Defendants' factual assertions, including those quoted above regarding Arnold's investigation and identification of Plaintiff.

For purposes of the MSJ, the following facts are thereby established:  (1) that the date of birth and social security number given by the passenger in the April 15 stop were false; and (2) that Arnold, using MVD records, correctly identified the passenger in the April 15 stop as in fact being Plaintiff.  [Doc. 35, p. 2, ¶¶ 5, 7]  It follows that the affidavit for arrest warrant correctly showed that the passenger was Plaintiff.  The Court notes that the affidavit for arrest warrant informed the magistrate that the passenger had given a different date of birth and a different social security number, but that the arrest warrant was nevertheless sought for Plaintiff; the affidavit includes the differing identifying information.  [Doc. 41, p. 9]

Plaintiff's response argues that:  there was no probable cause to arrest him; no reasonable officer would have sought an arrest warrant without further investigation, given the discrepancies between Plaintiff's identifying information and that given by the passenger; and Arnold must not have followed proper procedures for identifying unknown suspects.  But the response does not include a single citation to legal authority in support of these arguments.  The only citation to a case is to a case cited by Defendants to support a "functional approach" for quasi-judicial immunity for actions integral to the judicial process—entirely irrelevant to Plaintiff's argument about investigation and identification of suspects.  [Doc. 41, p. 6 (citing *Forrester v. White*, 484 U.S. 219 (1988))]

Plaintiff failed to carry his "heavy two-part burden" to show that Arnold violated a constitutional right and that the right was clearly established at the time.  *Albright*, 51 F.3d at 1534.  Defendants are therefore entitled to summary judgment under *Smith v. McCord*, 707 F.3d 1161 (10th Cir. 2013).

The Tenth Circuit has repeatedly held that if a plaintiff fails to carry either part of the two-part burden in response to a claim of qualified immunity, "the court must grant the defendant qualified immunity." *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001); *Gross v. Pirtle*, 245 F.3d 1151, 1156 (10th Cir. 2001) ("If the plaintiff fails to satisfy either part of the two-part inquiry, the court <u>must</u> grant the defendant qualified immunity." (emphasis added)); *Albright*, 51 F.3d at 1535 (the defendant "is entitled to qualified immunity"); *Hobbs ex rel. Hobbs v. Zenderman*, 579 F.3d 1171, 1183 (10th Cir. 2009) ("When a defendant moves for summary judgment on the basis of qualified immunity, the plaintiff must carry a two-part burden for his claims <u>to survive</u>." (emphasis added)); *Smith*, 707 F.3d at 1162.  Plaintiff was required to show in his response to the MSJ that Arnold violated a constitutional right and that the right at issue was "clearly established." *Cavanaugh v. Woods Cross City*, 625 F.3d 661, 664 (10th Cir. 2010); *see Pearson v. Callahan*, 555 U.S. 223, 232 (2009).

In *Smith*, the Tenth Circuit affirmed the grant of summary judgment based on qualified immunity in a § 1983 case claiming excessive force, when the plaintiff failed to carry his "'heavy two-part burden' of showing both that (1) 'the defendant violated … [a] constitutional … right [ ],' and (2) the 'infringed right at issue was clearly established at the time of the allegedly unlawful activity such that a reasonable law enforcement officer would have known that his or her challenged conduct was illegal.'" *Smith*, 707 F.3d at 1162 (quoting *Martinez v. Carr*, 479 F.3d 1292, 1294-95 (10th Cir. 2007)).  The plaintiff only responded "as one does in an ordinary summary judgment proceeding," arguing "that a material dispute of fact existed," making no attempt to meet his "'heavy two-part burden'" to show violation of a constitutional right, and that the right was clearly established.  *Id*.  The district court granted summary judgment for the defendants, and the Tenth Circuit affirmed, holding that it could find no fault with the district

11

court's "unassailable" conclusion that the plaintiff "failed to carry the burden assigned him by law." *Id*.

In later cases, the Tenth Circuit confirmed that a response like Plaintiff's entitles the defendant to summary judgment. In *Rojas*, the district court granted summary judgment to defendants based on qualified immunity in a § 1983 case claiming unlawful seizure and excessive force. *Rojas v. Anderson*, 727 F.3d 1000, 1003 (10th Cir. 2013). The Tenth Circuit observed that the plaintiff's response "made little, if any, attempt to meet his 'heavy two-part burden.'" *Id*. (quoting *Martinez*, 479 F.3d at 1294). The plaintiff's response made cursory arguments, but did not discuss how the officer's actions violated the plaintiff's constitutional rights or whether the infringed right at issue was clearly established at the time; the response did not contain "a single case citation" to support the plaintiff's argument. *Id*. at 1004; *see Thomas v. Durastanti*, 607 F.3d 655, 669 (10th Cir. 2010) ("The plaintiff bears the burden of citing to us what he thinks constitutes clearly established law."). The Tenth Circuit stated that if the plaintiff failed to satisfy his heavy two-part burden, the defendants "'are entitled to qualified immunity.'" *Id*. (emphasis added) (quoting *Martinez*, 479 F.3d at 1295). On appeal, the plaintiff faulted the district court for ignoring a genuine dispute on a material fact (whether the plaintiff attempted to assault the officer), and argued that the existence of a genuine issue of fact required reversal. *Id*. The Tenth Circuit explained that the district court does not even reach this issue unless the plaintiff carries his two-part burden:

> What Plaintiff fails to comprehend, however, is that it is [i]f, *and only if*, he satisfies his two-part burden that Defendants then bear the traditional burden of the movant for summary judgment—showing that there are no genuine issues of material fact and [they are] entitled to judgment as a matter of law. Because Plaintiff failed to meet his burden on the *legal* qualified immunity question, this traditional summary judgment burden never shifted back to Defendants. Plaintiff's focus on appeal on a genuine issue of material fact is therefore misplaced.

*Id*. at 1004-05 (internal quotation marks, footnote, and citations omitted).

The Tenth Circuit observed in *Rojas* that its independent review of the record suggested that "a case might well have been made that [the defendants] were not entitled to qualified immunity."  *Id*. at 1005, 1002.  But, the Tenth Circuit concluded, given the plaintiff's failure to point to any authority to support his claims, he failed to carry his burden and the defendants were entitled to qualified immunity.  *Id*. at 1005 (citing *Smith*, 707 F.3d at 1162).

In an unpublished 2014 case, the Tenth Circuit again applied the principle of *Smith* to affirm a grant of qualified immunity.  *Comprehensive Addiction Treatment Ctr. v. Leslea*, 552 Fed. Appx. 812, 816-18   (10th Cir. 2014) (unpublished).  The district court noted that the plaintiffs' response to a motion to dismiss failed to cite any authority to show the rights at issue were clearly established.  The Tenth Circuit affirmed the dismissal without reaching the merits. *Id*. at 816-18.  Citing *Rojas* and *Smith*, the Tenth Circuit stated that it had no choice but to affirm the grant of qualified immunity.  *Id*. at 818.

Plaintiff fails to cite or discuss any legal authority in support of his claim under Count I. The response filed by Plaintiff presents exactly the same situation facing the *Smith* Court. Plaintiff responded only "as one does in an ordinary summary judgment proceeding," making no attempt to carry his heavy two-part burden to show violation of a constitutional right and that the right was clearly established.  The response contains no legal authority relating to either part of Plaintiff's burden.  As in *Smith*, Plaintiff's response does not even mention the term "clearly established."

Plaintiff's response is insufficient to survive the motion for summary judgment.  Plaintiff provides no authority regarding what constitutes an adequate investigation so that an affidavit for arrest warrant establishes probable cause.   Defendants are therefore entitled to qualified

13

immunity.  As in *Smith*, *Rojas*, and *Comprehensive Addiction Treatment Center*, the Court need

not reach the merits of Plaintiff's constitutional claim.  Nor does the Court need to reach the

accuracy or applicability of the caselaw in Defendants' motion and reply.

The Court will grant Defendants' motion for summary judgment on Count I.

## II.  Count II—Negligent hiring and training

Plaintiff asserts that the New Mexico State Police Department was negligent in the hiring

and training of Defendant Arnold, particularly with respect to investigation of the identity of

criminal suspects.  [Doc. 1-1, p. 4]  Defendants argue that Count II should be dismissed under

Rule 12(b)(6) for failure to state a claim under *Twombly*, because Plaintiff did not plead any

specific facts.  [Doc. 35, pp. 19-23]  Plaintiff did not respond to this argument.

### A.  Legal Standards Regarding Motion To Dismiss

"The correct standard for reviewing a motion to dismiss in a qualified-immunity case is

the same as for dismissals generally."  *Archuleta v. Wagner*, 523 F.3d 1278, 1281 (10th Cir.

2008).  The court assesses the legal sufficiency of the allegations contained within the four

corners of the complaint.  *Id*.  Rule 8 requires the complaint to contain "a short and plain

statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  All

well-pleaded facts must be accepted as true; these facts must be viewed in the light most

favorable to the plaintiff, and all reasonable inferences must be allowed in favor of the plaintiff.

*Archuleta*, 523 F.3d at 1283; *Atl. Richfield Co. v. Farm Credit Bank*, 226 F.3d 1138, 1160 (10th

Cir. 2000) (motion under Rule 12(c) "is treated as a motion to dismiss under Rule 12(b)(6)" and

same standard applies).  These standards apply only to well-pleaded facts, however; legal

conclusions and conclusory allegations do not merit any deference.  *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009); *Archuleta*, 523 F.3d at 1283.  The court does not accept as true a legal

14

conclusion couched as a factual allegation. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The complaint "does not need detailed factual allegations," but the factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The complaint must go beyond "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Conclusory statements unsupported by factual allegations are not sufficient. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see Iqbal*, 556 U.S. at 678 (stating that "'naked assertion[s]' devoid of 'further factual enhancement'" are not sufficient (quoting *Twombly*, 550 U.S. at 557)). The Tenth Circuit stated that the *Twombly* Court sought to "find a middle ground between 'heightened fact pleading,' which is expressly rejected," and "allowing complaints that are no more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" which are insufficient. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570, 555).

The allegations of fact must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Looking within the four corners of the complaint, the Court determines whether there are "sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." *Archuleta*, 523 F.3d at 1281, 1283 (quoting *Twombly*, 550 U.S. at 556). The Tenth Circuit observed that "plausible" cannot mean "likely to be true," but "must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 570). "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Id.*

Determining whether a complaint states a plausible claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. In addition to weeding out claims lacking a reasonable prospect of success, the requirement of plausibility serves to inform the defendant of the actual grounds of the claim. *Robbins*, 519 F.3d at 1248.

"The *Twombly* standard may have greater bite in [qualified immunity cases], appropriately reflecting the special interest in resolving the affirmative defense of qualified immunity 'at the earliest possible stage of a litigation.'" *Robbins*, 519 F.3d at 1249 (quoting *Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987)). If the complaint fails to properly allege a violation of a constitutional or statutory right, the court need not reach the question of whether the law was "clearly established." *Butler v. Rio Rancho Pub. Sch. Bd. of Educ.*, 341 F.3d 1197, 1200 (10th Cir. 2003).

### B.  Amenability to Suit

Defendants argue that the New Mexico State Police Department, as an agency of the State of New Mexico, is not a "person" amenable to suit under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989) (holding that petitioner could not maintain suit against defendant Michigan Department of State Police); *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1171-72 (10th Cir. 2000) (holding that arm of state waives Eleventh Immunity by removing case to federal court, but nevertheless is not a "person" subject to suit under §1983). Plaintiff makes no response. The Court concludes that Count II should be dismissed on this basis.

### C.  Sufficiency of Complaint

Defendants also argue that Count II should be dismissed under Rule 12(b)(6).[4]  Count II

includes only conclusory assertions regarding negligence in hiring and training Arnold:

> 5.   The State of New Mexico and the New Mexico State Police Department are responsible for the acts of the employees of the New Mexico State Police Department.

> 21.  Defendant State of New Mexico Police Department had a duty to act responsibly and ensure that Defendant Arnold had the education and qualifications to be a police officer within its department.

> 22.  Defendant State of New Mexico Police Department failed in their duty to act responsibly and ensure that Defendant Arnold had the education and qualifications to be a police officer within its department.

> 23.   Defendant New Mexico State Police Department had a duty to properly train Defendant Arnold in the investigation of the identity of criminal suspects.

> 24.  Defendant New Mexico State Police Department failed to properly train Defendant Arnold in the investigation of the identity of criminal suspects.

[Doc. 1-1, pp. 2, 4]   The complaint then asserts that failure to carry out these duties and

responsibilities caused Plaintiff to be unlawfully arrested.   [Doc. 1-1, p. 5]   Missing are any

specific factual allegations to show what hiring and training procedures were employed, and

what procedures Plaintiff asserts should have been employed.

The complaint was not required to set forth "detailed factual allegations," but the factual

allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550

U.S. at 555.   Although the Court is required to accept the well-pleaded allegations of the

complaint as true, the Court does not accept as true conclusory assertions or legal conclusions.

*See Iqbal*, 556 U.S. at 678; *Archuleta*, 523 F.3d at 1283.

---

[4]Though the motion was made after filing the answer and should be treated as a Rule 12(c) motion, the same standard applies as for a motion under Rule 12(b)(6).  *See Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 n.2 (10th Cir. 2002); *Atl. Richfield Co.*, 226 F.3d at 1160.

The Court concludes that the complaint fails to make factual allegations sufficient to meet these standards.  The complaint merely makes conclusory assertions that the New Mexico State Police Department failed to act responsibly in hiring and training Arnold.  But the Court disregards conclusory, unsupported assertions.  *See Iqbal*, 556 U.S. at 678; *Archuleta*, 523 F.3d at 1283.  "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief."  *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 556).  The complaint contains no factual allegations regarding any failure to hire, train, or supervise.  And even if the conclusory assertion of such failures were sufficient, the complaint fails to show an affirmative link with the alleged improper investigation and unlawful arrest of Plaintiff.   *See Estate of Booker v. Gomez*, 745 F.3d 405, 435 (10th Cir. 2014) (stating that plaintiff is required to show causation).

The complaint does not contain factual allegations sufficient to permit the Court to "infer more than the mere possibility of misconduct."  *Iqbal*, 556 U.S. at 679.  The complaint thus fails to allege facts sufficient to state a claim which is plausible—rather than merely conceivable—on its face.  *See Robbins*, 519 F.3d at 1247.  The complaint is insufficient to survive the motion to dismiss because it fails to go beyond "an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  Because the complaint is "sufficiently devoid of facts necessary to establish liability," Plaintiff has "'not nudged [his] claims across the line from conceivable to plausible.'"  *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 570).

The Court concludes that Count II does not sufficiently allege that the New Mexico State Police Department violated Plaintiff's constitutional rights.  The Court need not reach the second issue, whether the rights were "clearly established."  *See Butler*, 341 F.3d at 1200.  The New

Mexico State Police Department is entitled to qualified immunity.  The Court concludes that

Count II should be dismissed on this independent and alternative basis.

### D.  Conclusion on Count II

The Court will grant the motion to dismiss Count II, with prejudice, on the two

independent and alternative bases discussed above.

## CONCLUSION

The Court concludes that *Defendant's Second Motion To Dismiss:  Claims Against

Defendant Ben Arnold in his Official Capacity* [Doc. 45], which is unopposed, should be granted.

The Court concludes that *Defendants' Motion for Summary Judgment, and Memorandum

in Support, Requesting Dismissal of Plaintiff's Claims on Quasi-Judicial Immunity and Qualified

Immunity Grounds* [Doc. 35] should be granted.

Pursuant to this Memorandum Opinion and Order, there are no claims remaining in the

case and the case is dismissed with prejudice.

**IT IS THEREFORE ORDERED THAT:**

(1)  *Defendant's Second Motion To Dismiss:  Claims Against Defendant Ben Arnold in his

Official Capacity* [Doc. 45] is **GRANTED**; and

(2)  *Defendants' Motion for Summary Judgment, and Memorandum in Support, Requesting

Dismissal of Plaintiff's Claims on Quasi-Judicial Immunity and Qualified Immunity Grounds*

[Doc. 35] is **GRANTED**.

_____
**UNITED STATES DISTRICT JUDGE**